IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 25-10085-2-JWB

AXEL MURILLO-CONTRERAS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the government's appeal (Doc. 4.) of the magistrate judge's order of release pending trial and motion for detention. For the reasons stated herein, the government's motion for detention is GRANTED, the magistrate judge's order of release is REVOKED, and Defendant is committed to the custody of the Attorney General of the United States pending trial.

**I. Facts and Procedural History**

On September 3, 2025, Defendant Axel Murillo-Contreras was indicted by a grand jury on drug conspiracy charges and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(A), respectively. (Doc. 1.) Defendant's initial appearance was before a United States Magistrate Judge in the Southern District of California on September 5, 2025. (Doc. 10.) Magistrate Judge Valerie E. Torres denied the government's motion for detention and set conditions of release. (*Id.*) The government appealed the order and asks the court to enter an order of detention. (Doc. 4.) This court held a hearing on October 14, 2025.

In September of 2022, the Drug Enforcement Agency ("DEA") began to investigate Mr. Murillo-Contreras' co-defendant and a scheme to distribute methamphetamine. After the DEA's investigation began, the Kansas Highway Patrol stopped a vehicle in Minneola, Kansas, in January 2023, that contained nearly 20 kilograms of pure methamphetamine. The driver and passenger of that vehicle indicated to law enforcement that they were instructed by the co-defendant in this case to deliver the drugs to Mr. Murillo-Contreras and another individual. The driver and passenger agreed to cooperate with law enforcement and attempted to make the delivery. At the attempted delivery, all individuals present were arrested. This includes Mr. Murillo-Contreras. Mr. Murillo-Contreras was initially charged with possession with intent to distribute methamphetamine, though this charge was eventually declined for lack of evidence.

In April 2023, law enforcement also learned that Mr. Murillo-Contreras was on a Greyhound bus in Utah with two duffle bags, each containing around four kilograms of methamphetamine. The bags were seized but Mr. Murillo-Contreras was allowed to continue traveling to Colorado. Upon arrival, the bus was searched and additional bags were found that contain an additional three kilograms of methamphetamine, one kilogram of fentanyl, and marijuana. Despite Defendant's proximity to these bags, he and his companion were ultimately released.

In July 2024, DEA was made aware that another shipment of drugs was being driven by the co-defendant into Wichita. They tracked the co-defendant and another individual back to a hotel. Law enforcement tracked the co-defendant's vehicle from the hotel to a trailer with indications of drug activity. Additionally, there was evidence that Defendant was renting a room at the hotel. DEA discovered Defendant in the room and alerted hotel management as to why law enforcement was present. The hotel authorized law enforcement to evict the residents and sweep

the room for any dangerous substances. DEA conducted this protective sweep and found two large bags. Law enforcement then obtained a warrant to search the room and evidence found therein. Inside the two bags was over 35 kilograms of pure methamphetamine. Additionally, a handgun was found in the room. These facts led to Defendant's indictment by a grand jury. He was subsequently arrested.

**II.   Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

(1) The nature and circumstances of the offense charged...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  The Bail Reform Act provides a rebuttable presumption of flight risk or danger to the community in certain cases, particularly those involving large quantities of narcotics. 18 U.S.C. § 3142(e). The government has the burden to prove flight risk by a preponderance of the evidence and to prove dangerousness by clear and convincing evidence. *United States v. Dermen*, 779, Fed. App'x 497, 500–01 (10th Cir. 2019).

**III. Analysis**

  The court next proceeds through each of the Bail Reform Act factors for pretrial detention.

  **Nature and circumstances of the offense.** Defendant is a citizen of Mexico with lawful presence in the United States pursuant to a green card. He is charged with drug conspiracy under 21 U.S.C. § 846 and possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). The penalty for these offenses includes a statutory mandatory minimum of a term of imprisonment of ten years and a possible sentencing guidelines range that is much higher. 21 U.S.C. 841 (b)(1)(A)(viii). The sheer amount of methamphetamine (several kilograms) that the Defendant is charged with possessing is enough to steer the court in the direction of detention.

  **Weight of the evidence.** The defendant faces a sizable amount of evidence. The indictment stems from a three-year federal investigation of illegal narcotics trafficking in Wichita. The evidence contains multiple instances of the Defendant being present around methamphetamine and possible narcotics activities, including one prior arrest. This factor counsels the court in favor of detention.

**History and characteristics of Defendant.** As explained above, Defendant is a citizen of Mexico but has lawful presence in the United States through a green card. Defendant's bond report indicates that he resides in Chula Vista, California, and is employed full-time at a scaffolding company in neighboring San Diego. He claims to live with his sister and father. Additionally, Defendant reports that he has occasional contact with his mother, who lives in Sacramento.

The court is concerned that his Mexican citizenship, the country's close geographic proximity to his address, and the possibly lengthy sentence Defendant could receive in this case, incentivize Defendant to flee the jurisdiction. This concern is heightened because since December 2024, Defendant has, according to the government, traveled between Mexico and the United States 118 times, many times at early morning hours. Defendant told pretrial services that this was to visit his aunt with cancer. During his detention hearing in front of this court however, his counsel proffered that it was to visit his girlfriend. Whatever Defendant's business in Mexico, his ties there are clearly considerable and provide incentive to flee the jurisdiction.

Defendant's ties to Mexico, including his frequent trips there, and his possible lengthy sentence leads the court to conclude that this factor also counsels in favor of detention based on risk of flight.

**Nature and seriousness of the danger.** Federal law commands the release of a person subject to conditions pending trial unless the court determines that the release will endanger the safety of another person or the community. 18 U.S.C. § 3142 (b). This command is inverted when the offense involves offenses concerning narcotics above a certain quantity. 18 U.S.C. § 3142(e). This case is one which triggers that inversion. As a result, there is a rebuttable presumption that the Defendant is to be detained. *Id.* The burden passes to Defendant to demonstrate that certain

circumstances could warrant release. *See United States v. Walters*, 89 F.Supp.2d 1217, 1220 (D. Kan. 2000).

The court's "concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

Here, the Defendant poses a serious risk to the community. While the Defendant has no criminal history, this is but one fact the court must consider in its analysis. Defendant admitted to pretrial services that he frequently uses narcotics himself, including cocaine as recently as two weeks before his arrest. But as the charges in this case allege, Defendant does not just use drugs, he distributes them. As explained in the facts above, Defendant has been arrested or detained multiple times on suspicion of drug trafficking. These interactions have not deterred Defendant from resuming his behavior once released, as evidenced by his repeated involvement with, and now indictment for, possession of narcotics. This weighs heavily in favor of detention as it evinces a continual involvement in drug trafficking that poses a danger to the community.

It is hard to overstate the destructive effects of methamphetamine in the quantities Defendant is alleged to have possessed. Narcotics activities of this scale demonstrate contempt for the rule of law and, more importantly, the human lives who will inevitably be harmed. Defendant has allegedly made frequent trips in support of drug trafficking around the country, and the court has no reason to believe he would not resume this activity. Moreover, the hotel room which led to Defendant's arrest contained a firearm. Drug dealing and firearms don't mix well. This indicates great danger of harm to the community.

**Findings.** After consideration of all the Bail Reform Act factors outlined at 18 U.S.C. § 3142 (g), the court finds that Defendant has not overcome the rebuttable presumption that he ought to be detained pending trial. However, even if Defendant were able to overcome this presumption, the court finds that there is no combination of pretrial release conditions that would adequately protect the surrounding community or reasonably assure the appearance of Defendant. Defendant is charged with a very serious offense carrying a substantial possible sentence. He also has frequent contacts with, close proximity to, and citizenship in Mexico. These factors make him a flight risk and a danger to the community. Accordingly, he cannot be released pending trial.

IV.  **Conclusion**

The magistrate's order of release, entered on September 5, 2025, (Doc. 10) is REVOKED and the government's motion for detention (Doc. 4) is GRANTED.

Defendant Axel Murillo-Contreras is hereby committed to the custody of the Attorney General of the United States, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED. Dated this 15th day of October, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE